UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE WARREN JACKSON, | No. 2:14-cv-1959-MCE-EFB P |
| Plaintiff, | |
| v. | ORDER |
| A. AMERO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915, three requests for liens on defendants' real property, and two requests for extensions of time.

Plaintiff's IFP application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

The court construes plaintiff's requests for liens against defendants' real property as requests for seizures of property pursuant to Rule 64 of the Federal Rules of Civil Procedure.

/////

/////

1

Rule 64 provides that:

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies. . . . . The remedies available include . . . attachment . . . .

The burden is on the moving party to establish grounds for an order of attachment. *Loeb and Loeb v. Beverly Glen Music, Inc.*, 166 Cal. App. 3d 1110 (1985). Here, plaintiff has not even attempted to satisfy the criteria for imposing a lien or an order of attachment against any defendants' real property. *See* Cal. Civ. Proc. Code § 484.090(a) (before issuing an order for attachment, court must find that (1) the claim upon which the attachment is based is one upon which attachment may be issued; (2) the plaintiff has established the probable validity of the claim upon which the attachment is based; (3) the attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based; and (4) the amount to be secured by the attachment is greater than zero."). Plaintiff's motions are denied without prejudice.

Plaintiff also seeks extensions of time. As there are currently no court-imposed deadlines pending, plaintiff's requests are denied as unnecessary. In due course, the court will screen the complaint pursuant to 28 U.S.C. § 1915A.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis (ECF Nos. 2, 5) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation, filed concurrently herewith.
3. Plaintiff's motions for liens against defendants' real property (ECF Nos. 8, 9, 10, 11) are denied without prejudice.

/////

2

4. Plaintiff's requests for extensions of time (ECF Nos. 12, 15) are denied as unnecessary.

DATED: June 10, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE